UNITED STATES of America

v.

Julian Watson AIKEN, Mrs. Julian Watson Aiken, John Thomas Carter.

Crim. A. No. 4980.

United States District Court
N. D. Georgia,
Rome Division.

July 24, 1961.

Charles D. Read, U. S. Atty., Atlanta, Ga., for U. S.

Reuben Garland and Pierre Howard, Atlanta, Ga., for Mr. and Mrs. Aiken and Mr. Carter.

HOOPER, Chief Judge.

This is a motion by Julian Watson Aiken and his wife, Mrs. Rema Faye Aiken, to vacate and set aside their pleas of guilty and the sentence imposed thereon upon the ground as alleged that their pleas were not voluntarily given.

Mr. Aiken entered a plea of guilty to Count Three, Mrs. Aiken to County One, and each of them entered a plea to Counts Five and Six of the indictment.

Count One charges that Mrs. Aiken and one Carter (her employee who also plead guilty) did unlawfully have in possession a considerable number of parts of a distillery enumerated in the indictment, intended for use in the illegal manufacture of liquor.

Count Three charges Mr. Aiken with failure to report disposition of sale of 300 pounds of sugar after having been notified by the Treasury Department to make such reports.

Count Five, to which both pleaded guilty, charges failure to make a correct return of disposition of glass containers of the character used in packaging distilled spirits after having been notified to do so.

Count Six charges both of said defendants with unlawfully having in possession 500 pounds of sugar, 8 cases of Atlas jars, and certain amounts of yeast intended for use in violation of the Internal Revenue Laws.

When arraigned before the Court on June 9th they were represented by Messrs. J. R. Cullens and George T. Bagby, both being able and experienced attorneys residing in the Northern District of Georgia, and in the Rome Division. Through his counsel Mr. Cullens, Julian W. Aiken entered a plea of guilty to Counts Three, Five and Six, and Mrs. Aiken through her counsel plead guilty to Counts One, Five and Six. Defendant Carter entered a plea of guilty to Counts One and Six. At the request of Mr. Bagby sentence was deferred and defendants came on for sentence before the Court on Monday, June 26, 1961, at that time they were also represented by Messrs. Bagby and Cullens, and the Court gave an opportunity to the defendants and to their counsel to make any statement that they desired.

Mr. Bagby stated to the Court and in the presence of said defendant:

"Your Honor, I would like to state that I felt, particularly after talking with Mr. and Mrs. Aiken and Mr. Carter, if the Court could see fit to let them serve their sentences on the outside, I don't think this Court or any other Court will be bothered with them again. I think they have learned their lesson, and they come to the Court with prudent hearts, and ask for the mercy of the Court."

Mr. Aiken stated:

"Well, Your Honor, I would like to be given a chance. I'm sorry we made these mistakes; realize it; and would like to be given a chance for another try, and I promise you, we won't be back."

The Court then imposed a sentence of ten months on each defendant together with a fine of Five Hundred ($500.00) Dollars against each one, called attention to the fact that:

"Mrs. Aiken was given several years probation not long ago, and she served out her probation. But no longer had her term of probation expired than she goes back into the same activities."

It appears that Mr. Aiken clearly admitted his guilt and Mrs. Aiken did not deny hers at that time.

It appears however, that the sentence meted out by the Court was a surprise to these two defendants, particularly to Mrs. Aiken. Their counsel requested that the beginning of the sentence be deferred until about July 22nd, which was granted. On July 10th petition to vacate and set aside these two sentences of the Court was filed.

Paragraph Two of the Motion alleges that movants were assured by both of their said attorneys that if they entered a plea they would not run the hazards of a jury trial and that no penal service would be imposed, and that, "relying upon this mistake of fact by the aforesaid counsel, movants did improperly enter said pleas."

As to the above ground of the motion it does appear that Mr. George Bagby himself did consider under all of the facts and circumstances brought to his attention that the Court would give said defendants probation and he expressed this opinion to the defendants, but made no guarantee or representation to the defendants that such would be the judgment of the Court, nor had any person connected with the Government made any statement to Mr. Bagby prior to the entering of the pleas of guilty which would give that impression. Mr. Bagby had a conversation with the District Attorney of the Court after the pleas had been entered, but not before.

Paragraph Three of the Motion alleges that "the then District Attorney * * * did declare to the Court that he recommended probation and that * * * the Probation Officer * * * honestly believed that such sentence would be probated, and so did movants believe they would be probated." No evidence was adduced to support that allegation.

In Paragraph Four it is alleged that the plea of guilty was not voluntarily entered "in that movants did plead guilty and did confess in open court and did not voluntarily enter said pleas or make said confessions in that movants entered said pleas with the promise made to them that sentence would be imposed without confinement." There is not a scintilla of

evidence in the record whatsoever that any promise was made to said defendants by any person. The statement in said portion just quoted however, that defendants "did confess in open court" is highly significant.

This Court is of the opinion that under the undisputed facts appearing in the record movants have not shown sufficient grounds for setting aside the judgments and sentences imposed.

It is only necessary to cite one decision in support of this ruling, though others could be cited. In the case of Floyd v. United States, 5 Cir., 260 F.2d, 910, the opinion written by Judge Tuttle stated among other things the following:

"It has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence in one of several indictments, this strips a plea of its voluntary nature."

In that case the movant contended that he:

"Was induced to plead guilty by agents of the F.B.I. and the U. S. Attorney,"

and further, that if he

"Did not plead guilty to the charge * * * the Government would give petitioner not less than a twenty (20) or thirty (30) year sentence" (see F.N.2, at p. 911).

The Court pointed out that even though counsel for petitioner had been told that if petitioner did not plead guilty he would receive a long sentence, and even though counsel conveyed that statement to the prisoner, still a prima facie case for relief is not made, "since it is not alleged that such statement deprived appellant's plea of guilty of its voluntary character" (see p. 912).

No such facts appear in the instant case as did appear in the case just cited. The essence of the whole matter is just this, that attorney Bagby, a conscientious and able attorney, felt that the best interests of these two defendants would be

572

served by entering a plea of guilty, and he acted on that belief. The mere fact that the Court did not impose a sentence such as counsel expected does not render the plea of guilty invalid. Neither can it be said that Mr. Bagby in entering such a plea did not serve the best interests of his clients.

The Court has this day reduced the sentence of Mr. Aiken from ten (10) months to three (3) months for the reason as expressed, that he was not as active a participant in the alleged violations as was his wife, and further because this is his first proven violation.

The motion to vacate the Judgment and Sentence of this Court is overruled and denied.